UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SIAMAS,

    Plaintiff,

v.                                                Case No. 8:25-cv-1448-TPB-SPF

GAYLE ZELCS,

    Defendant.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*. After reviewing the complaint, court file, and the record, the Court finds as follows:

**Background[1]**

This case stems from what appears to be an HOA dispute between Plaintiff John Siamas and his neighborhood homeowner's association, Stonebriar Improvement Association, Inc., led by Defendant Gayle Zelcs as the president. He has not sued the HOA – instead, at this time, Plaintiff has sued only Zelcs individually. Among other things, Plaintiff (who is proceeding *pro se* in this matter) appears to allege that Defendant fraudulently obtained a Florida state trademark for "Stonebriar" – the same mark he applied for at the United States Patent and

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Trademark Office ("USPTO"). Plaintiff takes issue with Defendant's opposition to his federal trademark application. Plaintiff alleges that the opposition includes fraudulent statements that Defendant should have known were false based on her own prior application for a federal trademark for "Stonebriar." Plaintiff's lengthy, winding complaint also recounts several other spats between Plaintiff and Defendant concerning the HOA's budget, HOA violations, and perceived slights. None of these disputes, of course, have anything to do with trademarks.

On June 3, 2025, Plaintiff filed his 62-page complaint, asserting claims for: fraudulent procurement of a trademark under 15 U.S.C. § 1120 (Count I); abuse of process under Florida law (Count II), tortious interference with prospective economic advantage under Florida law (Count III), declaratory relief (Count IV), attorney's fees and costs (Count V), breach of fiduciary duty under Florida law (Count VI), and abuse of process (retaliatory fraud allegation), presumably under Florida law (Count VII). (Doc. 1). The following day, he filed over seven hundred pages of exhibits. (Doc. 3). Because subject matter jurisdiction hinges on Plaintiff's federal claims, this Order considers only those causes of action citing to federal statutes and leaves the state claims for another day.

## Analysis

### *Shotgun Pleading*

As an initial matter, the Court notes that the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *Anderson*

*v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings, including:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Here, the complaint presents a significant problem by intermingling factual allegations as to the parties' separate state and USPTO trademark disputes, along with general HOA disputes, which makes it very difficult – if not impossible – to determine how each allegation relates to Plaintiff's claims. Moreover, Plaintiff appears to refer to two different USPTO proceedings at different times throughout the complaint without clarifying which one his fraudulent procurement claim is based on. Notwithstanding these issues, the complaint is otherwise overly long and confusing, spanning over 60 pages without exhibits and over 700 pages with them,

and as mentioned, mixing general and typical HOA grievances.  This is simply not a "short and plain statement of the claim[s]" required by Fed. R. Civ. P. 8(a)(2).

*Count I – Fraudulent Procurement of a Trademark*

In Count I, Plaintiff brings a claim for fraudulent procurement of a trademark under 15 U.S.C. § 1120.  Under this statute, "[a]ny person who shall procure registration in the [USPTO] of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."  Plaintiff's claim is based in part on Defendant's alleged false material misrepresentations in its opposition to Plaintiff's USPTO applications for the mark "Stonebriar Improvement Association, Inc." (Doc. 1 at 71-73; 75).  He also claims that Defendant's fraud extends to her own prior Florida trademark and to her federal trademark application for "Stonebriar," which was apparently denied by the USPTO.[2]  *See* (Doc. 1 at 76; 84; 85)

First, to the extent that Plaintiff alleges representations made in the context of Florida state trademark proceedings were false or misleading, he does not have cause of action under 15 U.S.C. § 1120, which by its own terms pertains exclusively to USPTO proceedings.  Such misrepresentations would instead be handled at the state level, where specific remedies exist. *See* § 495.121, *F.S.* (Florida law imposing liability for making false or fraudulent representations while registering for a trademark with the Florida Department of State).

---

[2] It does not appear that Defendant Zelcs herself owns the Florida trademark – it is owned by the HOA.  *See* (Doc. 3-3).

Second, to the extent that Plaintiff challenges Defendant's opposition to his trademark application currently pending at the USPTO, his claim likewise fails. The statute here provides for civil liability against those who *procure* registration of a trademark at the USPTO – not those *opposing* another's person or entity's application.

Third, to the extent Plaintiff is attempting to bring a claim against Defendant for her own USPTO registration, the allegations do not clearly identify that a trademark has actually been procured – a requirement to state a claim under 15 U.S.C. § 1120. *See GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp.2d 234, 242 (S.D.N.Y. 2000) ("[B]y its terms Section 38, 15 U.S.C. § 1120, does not apply to trademark applications that have not been registered."); *Hammerhead Ent., LLC v. Ennis*, No. 4:11CV65, 2011 WL 2938488 (E.D. Va. July 19, 2011) ("Numerous courts that have addressed the issue have held that a cause of action [under 15 U.S.C. § 1120] cannot lie if the false statements were made in conjunction with the application for a mark that has not yet been registered."). In fact, the complaint suggests the opposite, pointing to the USPTO's apparent refusal of the Defendant's application for the mark due to a likelihood of confusion with "Stonebriar Centre," an entity unrelated to this litigation.

Accordingly, Count I is dismissed for failure to state a claim. In an abundance of caution, the Court will grant Plaintiff leave to amend.

*Counts IV and V*

Plaintiff attempts to cite to federal statutes to support jurisdiction for his claims in Counts IV and V, but these claims fair no better.

<u>Count IV</u>

In Count IV, Plaintiff brings a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaratory judgment that Defendant's opposition is USPTO application is meritless, Plaintiff's trademark application has priority, and the state trademark registration by Plaintiff was fraudulently procured, among other things. But declaratory judgment "is not a cause of action; it is a remedy." *Burke v. Johnson*, 2016 WL 9503732, at *3 (M.D. Fla. 2016); *see also* 28 U.S.C. § 2201 (titled "Creation of remedy"); *Foley v. Orange Cty.*, No. 6:12-cv-269-Orl-37KRS, 2012 WL 6021459, at *8 (M.D. Fla. Dec. 4, 2012) ("[The Declaratory Judgment Act] does not provide an independent cause of action or theory of recovery."); *Feingold v. Budner*, No. 9:08-cv-80539-DTKH, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008) ("Declaratory judgments and injunctions are equitable remedies, not causes of action.").

Moreover, "a suit brought under the Declaratory Judgment Act must have an independent source of jurisdiction," such as a valid federal statutory cause of action or diversity jurisdiction. *See Goodin v. Fid. Nat. Title Ins. Co.*, 491 F. App'x 139 (11th Cir. 2012) (citing *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)). Indeed, the Declaratory Judgment Act cannot itself confer federal jurisdiction in the

absence of a valid federal claim.  *See Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1299 (M.D. Fla. 2017).

Thus, to the extent that Plaintiff alleges declaratory judgment as an independent cause of action, Count IV will be dismissed.  This does not mean that Plaintiff cannot request declaratory relief as a remedy, if appropriate.

Count V

Concerning Count V, Plaintiff brings a claim under 15 U.S.C. § 1117, which provides for attorney's fees and costs related to patent and trademark violations.  However, similarly to declaratory judgment, 15 U.S.C. § 1117 is a remedies provision – not a standalone cause of action.  *See CHHJ Franchising LLC v. Spaulding*, No. 8:23-cv-01979-WFJ-AAS, 2024 WL 229406, at *8 (M.D. Fla. Jan. 22, 2024) (Jung, J.) (dismissing standalone claim for attorney's fees under Section 1117 of the Lanham Act because "under federal law, 'unless otherwise specified by statute, a request for attorneys' fees is simply a demand for a particular remedy rather than an independent cause of action'").  In any event, because Plaintiff is proceeding in this matter *pro se*, he is not entitled to attorney's fees.  *See May v. United States*, 104 Fed. Cl. 278 (2012) ("The United States Supreme Court also has made clear that *pro se* plaintiffs are not entitled to attorney fees.") (citing *Kay v. Ehrler*, 499 U.S. 432, 435 (1991)).  Count V is therefore dismissed as an independent cause of action.  Should Plaintiff retain counsel at some future juncture, he is not precluded from seeking attorney's fees as a remedy, if appropriate.

*Additional Concerns*

Finally, it appears Plaintiff may not have sued the right defendant, as the allegations in the complaint seem to relate primarily to Zelcs's position as HOA president. To the extent he complains about actions taken by the HOA, or by Zelcs in her official capacity as president of the HOA, Zelcs the individual is not the proper defendant. Based upon the Court's review of the relevant USPTO dockets, it appears that the HOA – not Defendant as an individual – is listed as the party opposing Plaintiff's application. And the HOA is the owner of the Florida trademark. Should Plaintiff choose to file an amended complaint, he should carefully consider whether the right person or entity has been sued, and what basis there is to hold that person or entity liable, if any.

## **Pro Se Warning**

Plaintiff is further advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation – particularly in federal court – is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as set forth herein, with leave to amend.

2. Plaintiff John Siamas is **DIRECTED** to file an amended complaint on or before September 19, 2025. Failure to file an amended complaint will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE